MODERN HEATING AND ENGINEERING COMPANY *vs.* FRANKLIN FINANCE AND MORTGAGE CORPORATION & another.

Suffolk.   March 16, 1928.— April 4, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Bills and Notes,* Indorser, Accommodation indorser. *Evidence,* Competency.

At the trial of an action of contract upon a promissory note by the payee against an indorser, the signature of the plaintiff appeared both above and below that of the defendant on the back of the note when it was introduced in evidence. Evidence was introduced without objection that the maker of the note stated to the plaintiff in the defendant's presence that he could not pay an indebtedness to the plaintiff but would give a note indorsed by the defendant. Evidence was admitted over the defendant's exception that when the plaintiff presented the note to a bank for discount the plaintiff's signature did not appear above that of the defendant but only below it, and that in consequence of a talk with an officer of the bank the plaintiff at that time indorsed the note again above the defendant's indorsement. *Held,* that the evidence to which exception was taken properly was admitted to show that the defendant did not indorse the note for the accommodation of the plaintiff.

CONTRACT by the payee of the promissory note described in the opinion against the maker and indorsers. Writ in .the Municipal Court of the City of Boston dated May 19, 1927.

. Upon removal to the Superior Court, the action was tried before *Lourie,* J. The action was discontinued as to the defendant Scott, and a default was entered against the defendant corporation. The jury answered in the negative a

special question submitted to them by the judge, whether the defendant was an accommodation indorser for the benefit of the plaintiff; and found for the plaintiff in the sum of $3,378.65. The judge reported the case for determination by this court with a stipulation set forth in the opinion.

*J. M. Spillane,* for the defendants.

*R. E. Harding,* for the plaintiff.

SANDERSON, J. The defendant Franklin Finance and Mortgage Corporation was the maker of the note in which the plaintiff is named as payee, and upon which this action is brought. The defendant Robb was an indorser of that note before delivery. The order in which the names of the indorsers appeared on the back of the note at the time of trial was: Modern Heating & Engineering Co., R. D. Mayo, Treas.; Warren F. Scott; Ralph H. Robb; Modern Heating & Engineering Co., R. D. Mayo, Treas.; and R. D. Mayo. A default was entered against the defendant corporation, and the jury found for the plaintiff against the defendant Robb, having answered "No" to the question "Was the defendant Robb an accommodation indorser for the benefit of the plaintiff?"

The declaration alleged, among other things, that the defendant corporation made a promissory note, a copy of which with indorsements is annexed; that the defendants Scott and Robb indorsed it before delivery to the plaintiff. The defendant Robb set up in his answer as one of his defences that his indorsement was for the accommodation of the plaintiff.

Section 91 of the negotiable instruments act (G. L. c. 107) is in the following terms: "As respects one another endorsers are liable prima facie in the order in which they endorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise."

Evidence was introduced without objection that the plaintiff's treasurer, Mayo, in the presence of Robb, asked Scott, the president of the defendant corporation, for the payment of an overdue account for merchandise, and Scott said the defendant corporation could not pay the indebtedness in cash but would give its note indorsed by Scott and Robb;

and the note on which the action was brought was then given. Subject to the defendant Robb's exception, Mayo testified that he presented the note to a trust company for discount with indorsements thereon in the following order; Warren F. Scott; Ralph H. Robb; Modern Heating & Engineering Company, by Robert D. Mayo, Treasurer; and Robert D. Mayo; and that a day or two later in consequence of a talk with an officer of the trust company he again indorsed the name Modern Heating & Engineering Company, this time placing the name above that of Scott, so that the name of the payee then appeared twice on the back of the note when discounted.

The case was reported with the stipulation by the parties that, if the parol evidence, to which exception was saved by the defendant Robb, was properly admitted, judgment is to be entered on the verdict; and if the ruling was erroneous judgment is to be entered for the defendant Robb.

The evidence to which objection was made was competent to prove that Robb did not indorse for the accommodation of the plaintiff. An inference in support of that defence might have been drawn from the appearance of the plaintiff's name above that of Robb, if it were unexplained. This fact would cease to have significance on that issue when the evidence to prove when and why the name came to be placed upon the note above that of Robb was introduced. Inasmuch as the evidence was admissible on this issue, judgment is to be entered on the verdict in accordance with the stipulation of the parties. We need not consider whether it was admissible in support of any other issue.

*Judgment for the plaintiff on the verdict.*